UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NALINI KUMAR, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | Case No.  22-cv-03852-TLT  (LJC)<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 28 |

Pending before the Court is the parties' Joint Discovery Letter.  Dkt. 28.  The parties dispute the sufficiency of Defendant Nationwide Mutual Insurance Company's (Nationwide) privilege log, as well as the bases on which Nationwide is withholding certain documents and communications relevant to the underlying action.  Plaintiffs contend that Nationwide improperly asserts the attorney-client privilege and work product doctrine for communications with Julian Pardini, counsel retained by Nationwide in the course of processing Plaintiffs' insurance claim.  According to Plaintiffs, "[t]he law is clear that an insurer cannot shield its claims process simply by assigning an attorney to do the work of a claims adjuster."  Id. (quoting Renovate America, Inc. v. Lloyd's Syndicate 1458, 2020 WL 5106657, at *4 (S.D.Cal. 2020)).

Nationwide is ordered to file a letter brief of no more than three pages establishing a prima facie showing of the applicability of the attorney-client privilege and work product doctrine to the documents it is withholding.  In particular, Nationwide shall file any declaration(s) and/or documentation setting forth the facts of the nature of its relationship with Mr. Pardini and Mr. Pardini's role in processing and handling Plaintiffs' insurance claim.  Nationwide shall file its letter brief no later than Saturday, April 1, 2023, at 12:00 P.M.  In addition, Nationwide shall concurrently file the most recent version of its privilege log produced to Plaintiffs.

1  Plaintiffs shall file their own letter brief in response of no more than three pages by
2  Wednesday, April 5, 2023, at 12:00 P.M.  Plaintiffs may likewise file any declaration(s) and/or
3  documentation in opposition to Nationwide's assertion of the attorney-client privilege and work
4  product doctrine, if they so choose.

5  A hearing on this matter will be held on Thursday, April 6, 2023, at 1:30 P.M. via Zoom
6  videoconferencing.

7  **IT IS SO ORDERED.**

8  Dated: March 28, 2023

LISA J. CISNEROS
United States Magistrate Judge

2