UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NALINI KUMAR, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>    Defendant. | Case No.  22-cv-03852-TLT   (LJC)<br><br>**ORDER RE: JOINT DISCOVERY LETTER BRIEF**<br><br>Re: ECF No. 62 |

This case involves Plaintiffs Nalini Kumar and Allen Singh's (Kumars) allegations of bad faith on the part of Defendant Nationwide Mutual Insurance Company (Nationwide).  ECF No. 1 (Compl.) ¶¶ 88-93.  The present discovery dispute concerns Nationwide's responses to the Kumars' requests for admissions (RFAs).  ECF No. 62 at 1.[1]  Relatedly, the Kumars are seeking to depose Julian Pardini, a lawyer retained by Nationwide to work on their insurance claim since October 2020.  Id. at 3.  The deposition is currently scheduled for August 10, 2023.  Id.  In advance of the deposition, the Kumars served two RFAs to clarify whether Nationwide intends to defend against the insurance bad faith claim by relying on advice of counsel.  "The defense of advice of counsel generally waives the attorney-client privilege as to communications and documents relating to the advice."  State Farm Mut. Auto. Ins. Co. v. Superior Court, 228 Cal. App. 3d 721, 727 (1991).  Nationwide has dodged providing an answer that makes clear whether it intends to assert such a defense.

Consequently, the Kumars are now seeking court intervention and request an order compelling a further response to the RFAs.  The Kumars' RFAs are atypical in that requests for

---

[1] Unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-filing system when the document is electronically filed on the court docket.

1    admissions under Federal Rule of Civil Procedure 36 are generally designed to seek concessions

2    that limit factual issues in a case. James v. Maguire Correctional Facility, Case No. C 10-1795 SI,

3    2012 WL 3939343, *4 (N.D. Cal. Sept. 10, 2023). That is, requests for admission under Rule 36

4    ordinarily focus on facts that are not in substantial dispute, rather than serving as a discovery

5    device. See 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2254

6    (3d. 2023). That said, Rule 36 does allow for requests for admissions related to "the application of

7    law to fact" or "opinions." Fed. R. Civ. P. 36(a)(1)(A).

8         Even if this Court were to determine that the Kumars' RFAs were improper, nothing would

9    preclude the Kumars from seeking the same information through a contention interrogatory under

10   Rule 33. Rule 33 permits interrogatories that "ask[] for an opinion or contention that relates to

11   fact or the application of law to fact . . ." Fed. R. Civ. P. 33(a)(2). This case has been pending

12   since June 2022, and discovery has been open since at least November 2022. ECF Nos. 1, 23. In

13   addition, the parties exchanged documents in a prior case (No. 3:21-cv-04479-TSH) which was

14   dismissed. ECF No. 22 at 6. Nationwide has had sufficient time to explore the dispute and

15   investigate the handling of the Kumars' claim. Accordingly, it is not premature for Nationwide to

16   determine whether it intends to rely on advice of counsel to defend against the Kumars' claims. If

17   the Kumars have already served the maximum number of interrogatories permitted under Rule

18   33(a)(1), leave is granted for the Kumars to submit an additional interrogatory seeking discovery

19   as to whether Nationwide asserts such a defense.

20   //
21   //
22   //
23   //
24   //
25   //
26   //
27   //
28   //

United States District Court
Northern District of California

1    The parties are reminded that under Local Rule 37-1(a), the Court "may impose an
2 appropriate sanction, which may include an order requiring payment of all reasonable expenses,
3 including attorney's fees, caused by [a party's] refusal or failure to [meet and] confer."  In
4 addition, Federal Rule of Civil Procedure 26(c)(1)(B) authorizes the Court to issue an order, for
5 good cause, shifting the expense of discovery in order to protect a party from undue burden or
6 expense related to the discovery process.  The Court will consider cost-shifting when the
7 discovery requests or objections abuse the process and cause undue burden or expense.

**IT IS SO ORDERED.**

Dated: July 24, 2023

LISA J. CISNEROS
United States Magistrate Judge

3