UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NALINI KUMAR and ALLEN SINGH,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY and DOES 1-10,<br><br>Defendants. | No. 2:23-cv-02312 DAD AC<br><br><br>ORDER |

This matter is before the court on two separate discovery motions. First, plaintiffs move to compel defendant to produce (1) documents in response to a request for production and (2) a company witness to testify about its financial condition in response to a Rule 30(b)(6) subpoena. ECF No. 84 (joint statement at ECF No. 91). Second, the defendant moves to compel compliance with a third-party subpoena. ECF No. 93 (opposition at ECF No. 95, reply at ECF No. 96). These discovery motions were referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). Each motion was taken under submission and heard on the papers. ECF Nos. 87, 94.

**I.     Relevant Background**

Plaintiffs purchased an insurance policy from Nationwide to insure against risk of loss to their dwelling property. ECF No. 1 at 2. On or about July 4, 2020, the property was destroyed by a fire, and plaintiffs filed a claim for insurance coverage. Id. at 3. Plaintiffs allege that they

1

satisfied all conditions under the policy for payment of the claim.  Id. at 3-5.  The resulting interactions between the parties lead plaintiffs to bring this case seeking legal relief for defendant's alleged breach of contractual duty to pay a covered claim, insurance bad faith, negligent failure to obtain insurance coverage, and negligent misrepresentation.  Id. at 13-20.  Plaintiffs seek monetary recovery, including punitive damages.  Id. at 20.

## II.  Timeliness of Defendant's Motion

Plaintiffs originally filed this case in the Northern District of California, and it was transferred to this court on October 12, 2023.  ECF Nos. 1, 78.  Prior to transfer, the Northern District set a case schedule that provided a December 1, 2023 date for close of fact discovery.  ECF No. 55 at 2.  Following the transfer, an initial status conference was set before District Judge Dale A. Drozd but was subsequently vacated and is currently set to take place before the undersigned on March 3, 2024.  ECF Nos. 88, 89.  Thus, as of the drafting of this order, fact discovery is closed and can only be re-opened by an order of the court.  In its moving papers, defendant acknowledges that fact discovery closed on December 1, 2023.  ECF No. 93 at 2.

Defendant filed its motion to compel on November 29, 2023 and, in accordance with Local Rule 230(a), noticed the motion to be heard on January 10, 2024.  ECF No. 93.  Per the practices of the Eastern District of California, a motion set to be heard after the discovery deadline is untimely.  Pretrial scheduling orders issued in this district regularly contain language specifying that discovery must be "completed" by the deadline, and that "completed' means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  However, no such pretrial scheduling order was issued in this case, and there is no Local Rule in this district clearly stating whether a discovery motion must be *heard* before the discovery cutoff, or simply *filed* before the discovery cutoff.

Defendant points the court to the Northern District of California's Civil Local Rule 37-3, which states that the deadline to move to compel is seven days *after* the discovery cutoff.  See Zeleny v. Newsom, No. 17-CV-07357-RS (TSH), 2020 WL 6585793, *2, 2020 U.S. Dist. LEXIS

1  210458, *6 (N.D. Cal. Nov. 10, 2020).  The undersigned notes although this is not the rule or

2  practice in this court, and will not be the rule in this case going forward, because of the unique

3  circumstances of this case, the impact of the discovery deadline was unclear.  Thus, the court will

4  consider defendant's motion as timely filed.  The court turns to the merits of each motion.

### III.  Motions to Compel

A.  Standard on Motion to Compel

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure 26(b)(1).  The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.  Fed. R. Evid. 401.  Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26.  Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1).  If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975).  General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or

3

privilege claim.  Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir.2005).

      B.  Plaintiff's Motion to Compel

Plaintiff seeks to compel discovery with respect to two issues.  First, plaintiff seeks to compel a further response to a request for production and request for an additional deposition regarding Nationwide's practice of conducting missed opportunity reviews.  ECF No. 91 at 7.  The request and response are as follows:

PLAINTIFFS' DOCUMENT REQUEST NO. 40:

> DOCUMENTS pertaining to YOUR practice of conducting "Missed Opportunity Reviews" of claims under policies of insurance issued by YOU.

NATIONWIDE'S RESPONSE TO REQUEST NO.

> Nationwide incorporates by reference each of the General Objections stated herein. Nationwide further objects to this request on the grounds that it is overbroad, vague, and ambiguous as to time period and meaning, and is therefore unduly burdensome.  Nationwide also objects to this request to the extent that it seeks information protected by the rights to privacy of Nationwide or any third parties. Nationwide also objects to this request on the grounds that it seeks information that is: (a) not relevant to the claims, defenses, or subject request involved in the pending action; or (b) not reasonably calculated to lead to the discovery of admissible evidence. Nationwide further objects to this request on the grounds that it is not proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and that the burden or expense of the proposed discovery outweighs its likely benefit. Nationwide incorporates the foregoing Preliminary Statement and General Objections as if set forth in full. Subject to and without waiving the foregoing objections, and based on Nationwide's understanding of this request, Nationwide responds as follows: There was no Missed Opportunity Review conducted on this claim.

Following meet and confer efforts, Nationwide acknowledged that this RFP is asking for documents including "training and guidelines related to Missed Opportunity Reviews for SIU investigators," and agreed to search for responsive documents.  ECF No. 91.  As of the submission of the joint statement on November 15, 2023, none had been located but defendant had not amended its response.  At the time of the submission of the joint statement, fact discovery was set to close in a matter of weeks, and fact discovery under the current schedule is now closed.

An assertion from defendant that no responsive documents exist could be an acceptable response, but such response but must be written in response to each request for production as a sworn statement from counsel.  No such statement exists here, and plaintiffs need not take counsel's generalized and unsworn word for it.  Defendant will therefore be compelled to properly respond to the RFPs in accordance with the Federal Rules of Civil Procedure and the Local Rules of this court, within 14 days of this order.  However, because no documents have been produced, the court finds it is premature to order Nationwide to produce a Rule 30(b)(6) witness for a further deposition to answer questions arising from produced documents.  This portion of the motion is therefore denied.[1]

Second, plaintiff seeks to compel production of a 30(b)(6) deponent regarding defendant's financial condition.  These noticed topics read as follows:

PAINTIFFS' RULE 30(B)(6) TOPIC NO. 56:

> Nationwide Mutual Insurance Company's financial condition for each of the years 2020¬2022.

PLAINTIFFS' RULE 30(B)(6) TOPIC NO. 57:

> Nationwide Mutual Insurance Company's net profits for each of the years 2020-2022.

PLAINTIFFS' RULE 30(B)(6) TOPIC NO. 58:

> Nationwide Mutual Insurance Company's assets for each of the years 2020-2022.

PLAINTIFFS' RULE 30(B)(6) TOPIC NO. 59:

> Nationwide Mutual Insurance Company's financial statements for each of the years 2018-2020.

With respect to each of these topics, Nationwide objects on relevance, privilege, and proportionality grounds, but states that it "is continuing to consider whether a witness is necessary for this topic but is willing to enter into a reasonable stipulation as to its ability to pay punitive damage."  ECF No. 91 at 10.  Plaintiff argues Nationwide's response is improper, that

---

[1] Discovery is closed; however, the court acknowledges that the transfer of this case has created confusion with the case schedule and a status conference before the undersigned is pending.  The court notes that, in the event discovery is reopened, denial of the motion with respect to the 30(b)(6) deponent is without prejudice and may be raised in the future.

Nationwide has not agreed to plaintiff's proposed stipulation, and that a simple production of documents is plainly inadequate because a witness is required to explain the contents of the documents. Id. at 13. In response, defendant states that "Nationwide has never taken the position that the general subjects in Topics 56 through 59 are not the proper subjects of discovery in this case. Rather, Nationwide has objected to the *form* of the discovery Plaintiffs seek, namely, a deposition, rather than Nationwide agreeing to provide the necessary facts by a stipulation." Id. (emphasis original). Nationwide states that it "offered to stipulate that its financial statements were accurate and satisfied the business record hearsay exception." Id. at 15.

Nationwide's position is untenable. While a stipulation may be ideal in terms of reducing litigation costs, a party is never *required* to agree to a stipulation in lieu of a deposition where they are otherwise entitled to take a deposition. Plaintiffs disagree that the stipulation offered is adequate, and that is a reasonable ground for declining to stipulate. The motion to compel is GRANTED and Nationwide shall produce a 30(b)(6) witness to testify to these topics within 14 days of entry of this order.

### C. Defendant's Motion to Compel

Nationwide filed a motion captioned "Motion to Compel Compliance with a Deposition Subpoena" which seeks an order from this court compelling attendance of a third party, Timoti Timoti, at a deposition. ECF No. 93. Nationwide submits proof of service indicating Timoti Timoti was served with a deposition subpoena on October 24, 2023 for a deposition set to occur on November 27, 2023. ECF No. 93-1 at 9, 12. At the appointed deposition time, Nationwide's counsel stated on the record that he had confirmed with Mr. Timoti that he would appear, but that Mr. Timoti did not appear. ECF No. 93-1 at 17. Nationwide filed their motion to compel two days later, on November 29, 2023. ECF No. 93. Mr. Timoti was served with the motion (ECF No. 96-1), but Mr. Timoti did not respond. Plaintiffs submitted an opposition arguing that the motion was untimely and procedurally improper. ECF No. 95. The timeliness issue has been disposed of above.

Plaintiffs argue defendant's motion "abjectly fails to follow the rules relating to enforcement of third-party subpoenas" because Nationwide should have moved for the court to

issue an order to show cause why Mr. Timoti should not be held in contempt rather than move to compel compliance with the deposition. ECF No. 95 at 2. Rule 45 provides "the issuing court-- may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). The notes to the Rule point out that "[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena. Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command. Disobedience of such an order may be treated as contempt." Advisory Committee Notes, 2013 Amendment, Fed. R. Civ. P. 45(g).

The clear intent of the Rule is that, where a third-party has not complied with a deposition subpoena, an order for compliance is the proper first step and sanctions are a potential second step. The fact that Nationwide did not caption the motion as a request for an order to show cause will not prevent the court from issuing the proper relief, which is in fact an order instructing Mr. Timoti to attend his noticed deposition. See Foshee v. Mastec Network Sols., Inc, No. 1:20-cv-00890-AWI-SAB, 2021 WL 5529891, *12, 2021 U.S. Dist. LEXIS 227107, *29 (E.D. Cal. Nov. 24, 2021). The motion is accordingly GRANTED.

### IV.    Conclusion

Plaintiffs' Motion to Compel (ECF No. 84) is GRANTED in part and DENIED in part as described above.

Defendant's Motion to Compel (ECF No. 93) is GRANTED. Nationwide shall re-notice the deposition within 14 days of this order and third party Timoti Timoti is HEREBY ORDERED to appear or risk contempt sanctions.

IT IS SO ORDERED.

DATED: January 18, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE